672 **CORPORATION, an Illinois Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**R & S BERWYN BEVERAGES, INC. and R & S Liquors Company, Inc., Illinois Corporations, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Nos. 76 C 2685, 76 C 2686.

United States District Court, N. D. Illinois, E. D.

Oct. 30, 1978.

Morton Siegel, Chicago, Ill., for plaintiffs.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This is an action for recovery of wholesale liquor dealers occupational taxes, penalties and interest assessed and collected pursuant to the Internal Revenue Code of 1954. This Court has jurisdiction under 28 U.S.C. § 1346. Plaintiff 672 Corporation alleges that it is not a wholesale dealer within the purview of 26 U.S.C. § 5111(a) and, therefore, is not liable for the wholesale liquor dealers occupational tax. Defendant United States refutes this contention and has asserted a counterclaim for the remaining unpaid sums on the assessment. The parties have filed stipulations of facts. Currently pending before the Court are motions by both the taxpayer and the government for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The basic facts are set forth in the stipulations. 672 Corporation, a separately incorporated entity, is one store in a chain of nine retail liquor stores managed by Famous Industries, Inc. Famous owns fifty-one percent of the stock in 672 Corporation. It manages the 672 Corporation and one other store in the chain. It also owns 100% of the stock in five subsidiary corporations which operate the remaining seven stores. Famous' central office coordinates the daily

operations of all nine stores. Periodically surplus liquor is transferred between stores within the chain. The transfers are recorded on the books of the transferor and transferee stores by corresponding debit and credit entries. No exchange of cash or other consideration ever accompanies the transfers.[1]

The sole issue involved is whether, by this reallocation of merchandise, plaintiff qualifies as a wholesale dealer in liquors within the meaning of 26 U.S.C. § 5112(b).[2] Only those qualifying as wholesale dealers under this section are liable for the occupational tax imposed by 26 U.S.C. § 5111(a). Plaintiff and defendant differ as to the statutory construction of the definition of the term "wholesale dealer in liquors". Plaintiff contends that 26 U.S.C. § 5111 must be read in conjunction with 26 U.S.C. § 5142 and that the imposition of the occupational tax depends on whether a dealer is "engaged in business" as a wholesale dealer.[3] Defendant urges that the "engaging in business" requirement has no application here because these words are not found in Section 5112(b).

Initially, it should be noted that summary judgment is appropriate for the disposition of tax cases where the only issues involved are issues of law. *United States v. Mills*, 372 F.2d 693 (10th Cir., 1967). The taxpayer bears the burden of going forward with the evidence and of persuading the finder of fact that the assessment was erroneous. *United States v. Rexach*, 482 F.2d 10 (1st Cir., 1973), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330.

In support of its motion for summary judgment plaintiff states that the transfers of merchandise between stores in the chain are incidental to its retail operations and argues that these activities are not sufficient to qualify it as a wholesale dealer.[4] Additionally, plaintiff maintains that the imposition of the special occupational tax is predicated upon the issuance of a basic permit required by the Federal Alcohol Administration Act, 27 U.S.C. § 203(c), for any person engaged "in the business of purchasing for resale at wholesale distilled spirits . . . ". Since it does not have the basic permit plaintiff reasons that it is not a wholesale dealer in liquors.

Defendant, on the other hand, relies solely on the language in § 5112(b) and urges that plaintiff satisfies the section's definition. Defendant submits that the imposition of the occupational tax is not limited to those dealers found to be "engaged in business" but applies to any dealer consummating a sale of liquor for resale with another dealer. Finally, defendant contends that even if the "engaging in business" limitation is applicable, plaintiff's actions satisfy this requirement.

The critical term "wholesale dealer in liquors" has not been authoritatively interpreted by the excise tax statutes, their legislative history or the Treasury Regula-

---

1. *R & S Berwyn Beverages, Inc. and R. & S. Liquors Company, Inc. v. United States*, 76 C 2686, presents a similar fact situation by stipulation and the identical issue. The Court's findings and rulings here apply with equal force.

2. 26 U.S.C. § 5112(b) provides:
   *(b) Wholesale dealers in liquors.—When used in this chapter, the term "wholesale dealer in liquors" means any dealer, other than a wholesale dealer in beer, who sells, or offers for sale, distilled spirits, wine, or beer, to another dealer.*

3. Plaintiff cites both 26 U.S.C. § 5142 and 27 C.F.R. 194.21 in support. 26 U.S.C. § 5142, in pertinent part provides:
   *(a) Condition precedent to carrying on business.—No person shall be engaged in or* carry on any trade or business subject to tax under this part . . . until he has paid the special tax therefor.
   27 CFR, Subpart C states:
   *194.21. Basis of tax*
   *Special taxes are imposed on persons engaging in or carrying on the business or occupation of selling or offering for sale alcoholic liquors.*

4. Plaintiff also emphasizes that each store in the chain possessed the required local and state retail liquor licenses at the time of the assessment. This fact has no bearing on the issue involved, for the Internal Revenue Service is not bound by state statutes. *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958).

tions. Absent contrary authority the term should be given its ordinary and natural meaning. *Hanover Bank v. Commissioner*, 369 U.S. 672, 687, 82 S.Ct. 1080, 8 L.Ed.2d 187 (1961). Implicit in the term "wholesale dealer" is the notion of regular and continuing business transactions. Support for this construction can be found in the legislative history of the Excise Tax Technical Changes Act of 1958. The Senate Report to that Act noted that the terms "wholesale dealer" and "retail dealer" were redefined "to make them more nearly conform to present-day understanding of the functions performed by the persons engaged in these businesses". Senate Report 2090, 85th Cong., 2nd Sess. *reprinted* in 1958 U.S.Code Cong. & Admin.News, pp. 4395, 4479. With reference to § 5112 the Report is even more explicit, stating that the term "wholesale dealer in liquors" was revised "conforming . . . to the general meaning of the term in trade channels, and making it more nearly consistent with the meaning of the term as used in other Federal statutes and in State laws". *Id.* at 4515. It is apparent that the drafters contemplated that only those "engaged in business" as wholesalers would be subjected to the special occupational tax under 26 U.S.C. § 5111(a). We hold that any tax assessment under this section must be predicated on a finding that the "engaged in business" requirement has been fulfilled.

■ Plaintiff's argument that it is not "engaged in business" as a wholesale dealer in liquor is incorrect. The cases cited by it in support of its position are inapposite in that they involve isolated transactions within a single corporation. Here the reallocation of merchandise is a recurrent activity between separately incorporated stores. The fact that the stores are partially owned

in common and form a chain does not change the nature of these ongoing transactions. Furthermore, neither the Code nor the relevant regulations support in any way plaintiff's contention that a basic permit required by the Federal Alcohol Administration Act is a condition precedent for the imposition of the occupational tax, nor do any of the cases cited by plaintiff so hold.[5] The transfers of liquor between stores in the Famous chain are sales between independent legal entities. Thus, the stores involved are "engaged in business" as "wholesale dealers in liquors".

■ 672 Corporation next argues that before the movement of liquor can be considered a sale there must be all the elements of a commercial sale. Plaintiff reasons that the transfers of liquor are not sales because they are incidental to plaintiff's main business as a retail liquor dealer. It also emphasizes that no cash is exchanged in these transactions nor is a profit realized. However, numerous tax cases have held that any transfer for a fixed price or for valuable consideration qualifies as a sale. *Commissioner v. Brown*, 380 U.S. 563, 85 S.Ct. 1162, 14 L.Ed.2d 75 (1965); *Carlson v. United States*, 249 F.2d 85 (10th Cir., 1957). In this case the entry of a debit on the books of the transferee store and a corresponding credit on the books of the transferor store qualifies the transaction as a transfer for valuable consideration. Therefore, the shipment of liquor from one store in the chain to another constitutes a taxable transaction for federal income tax purposes. Plaintiff is a wholesale dealer within the meaning of 26 U.S.C. § 5112(b) and is liable for the tax imposed by 26 U.S.C. § 5111(a).[6]

Accordingly, plaintiff's motion for summary judgment is denied. Defendant's mo-

---

**5.** The cases cited by plaintiff construing § 203(c) of the Federal Alcohol Administration Act are not tax cases. Those cases are concerned with convictions for engaging in business without a permit and have no relevance here.

**6.** On page 14 of its Memorandum in Support of its Motion for Summary Judgment defendant asserts that dealers qualifying as both retail

and wholesale dealers in liquors are required to pay the special tax for each occupation. Defendant ignored 26 U.S.C. § 5123(a)(1) which provides that no dealer required to pay the wholesale dealers occupational tax will also be required to pay the retail dealers occupational tax. Plaintiff is not liable for the retail tax if it pays the wholesale tax.

tion for summary judgment is granted. Defendant is instructed to recompute the amount assessed and owing by plaintiff in light of 26 U.S.C. § 5123.